UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORENE ROCCON THOMPSON | : | |
| | : | |
| v. | : | C.A. No. 09-033S |
| | : | |
| UBS FINANCIAL SERVICES, INC., et al. | : | |
| | : | |

**MEMORANDUM AND ORDER**

This is an action brought under the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. Plaintiff Lorene Roccon Thompson challenges the denial of long-term disability ("LTD") benefits. Defendants are Plaintiff's former employer, UBS Financial Services, Inc. ("UBS"), and Life Insurance Company of North America d/b/a CIGNA Group Insurance ("CIGNA"). While employed by UBS, Plaintiff participated in an LTD benefits plan sponsored by UBS and administered/insured by CIGNA. Plaintiff received LTD benefits initially under an "own occupation" disability definition but her LTD benefits were later discontinued by CIGNA, in February 2008, applying an "any occupation" disability standard triggered after twenty-four months. Plaintiff challenges CIGNA's decision as "arbitrary and capricious and an abuse of discretion" and contends that, because CIGNA both determines LTD eligibility and pays LTD benefits, CIGNA's decision was infected by a structural conflict of interest.

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Defendants' Motion for Protective Order (Document No. 12) filed pursuant to Fed. R. Civ. P. 26(c)(1). Defendants seek to bar Plaintiff from conducting discovery and argue that "evidence outside the administrative record is not relevant to the case at hand." Plaintiff objects. (Document No. 13). A

hearing was held on September 3, 2009. Defendants filed a Supplemental Memorandum on September 11, 2009. (Document No. 18).

**Discussion**

Pursuant to Rule 26(c), the Court may, for good cause shown, enter a protective order prohibiting or limiting discovery to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Defendants here seek an order prohibiting all discovery. The party seeking a protective order bears the burden of showing that good cause exists for the issuance of the requested order. See Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988). Thus, in this case, Defendants bear the burden of establishing good cause for the entry of a protective order barring Plaintiff from conducting discovery because they argue that "evidence outside the administrative record is not relevant to the case at hand." (Document No. 12 at pp. 1 and 7).

"ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator. Because full-blown discovery would reconfigure that record and distort judicial review, courts have permitted only modest, specifically targeted discovery in such cases." Denmark v. Liberty Life Assurance Co. of Boston, 566 F.3d 1, 10 (1st Cir. 2009) ("Denmark II"). The First Circuit has cautioned that "some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." Id. (quoting Liston v. Unum Corp. Officer Sev. Plan, 330 F.3d 19, 23 (1st Cir. 2003)).

In this case, it is undisputed that CIGNA both administers the LTD plan in question, in part, by determining if a participant is eligible for benefits and, if so, pays the benefits out of its pocket. Because of the potential financial tension in these dual functions, this scenario has been held to constitute a "structural conflict of interest." Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343,

2348 (2008).[1]  The First Circuit has described a structural conflict as a potential influence in the decision-making process as distinguished from an actual conflict where a decision is in fact motivated by a conflicting interest.  Denmark, 566 F.3d at 5 and n.2.  It has also instructed that "courts are duty-bound to inquire into what steps a plan administrator has taken to insulate the decisionmaking process against the potentially pernicious effects of structural conflicts."  Id. at 9.

Where the administrative record does not contain the procedures which the plan administrator has used to prevent or mitigate the effect of structural conflict, conflict-oriented discovery may be permitted to reveal those procedures.  Id. at 10.  However, "such discovery must be allowed sparingly and, if allowed at all, must be narrowly tailored so as to leave the substantive record essentially undisturbed."  Id.  The administrative record has been filed in this case and Defendants' counsel agreed that it does not contain any evidence with respect to CIGNA's conflict-ameliorating procedures.

Plaintiff seeks discovery through interrogatories and document requests as to (1) the applicable LTD policy; (2) CIGNA's policy regarding the absence of objective, clinical findings to support a claim; and (3) the structural conflict issue.[2]  At the hearing, Defendants' counsel agreed that some discovery was "appropriate" as to the first category but argued that Plaintiff's requests

---

[1] Defendants contend that Judge Smith's recent decision in D&H Therapy v. Boston Mutual Life Ins. Co., No. 08-05, 2009 WL 2825748 (D.R.I. Sept. 2, 2009), supports their position that discovery outside the administrative record is unwarranted.  I disagree for two reasons.  First, the referenced decision was one on the merits and not in the context of a discovery dispute.  Second, the case is distinguishable because D&H Therapy involved different substantive issues and the insurer there apparently utilized a third-party administrator to handle the claims administration process which potentially alters the structural conflict equation.  Id. at *5, n.3 (citing Dolfi v. Disability Reins. Mgmt. Servs., 584 F. Supp. 2d 709, 730-731 (M.D.Pa. 2008)).

[2] Plaintiff also seeks discovery of CIGNA's basis for its "inconsistent" positions with regard to her eligibility for Social Security disability benefits and ineligibility for disability benefits under its LTD policy.  In Interrogatory No. 11, Plaintiff requests that CIGNA "explain the basis" for this claimed inconsistency.  This is an improper discovery request in an ERISA case.  See Achorn v. Prudential Ins. Co. of Am., No. 08-125, 2008 WL 4427159 at *4 (D.Me. Sept. 25, 2008) (refusing to order insurer to "explain away" the Social Security decision response to an interrogatory and noting that Plaintiff can assert the argument based on the record.).

(Interrogatory No. 10 and Request for Production Nos. 12-14) were overbroad. Thus, Defendants effectively concede that a protective order barring all discovery in this case is not warranted. Rather than seeking a Rule 26(c) protective order, the preferred and more efficient procedure under such circumstances is, in my opinion, for Defendants to respond to Interrogatory 10 and Document Requests 12-14 by serving an objection and/or a full or partial answer/production. See Fed. R. Civ. P. 33(b)(3), (4) and 34 (b)(2)(B), (C). Plaintiff could then review the responses and, if dissatisfied, could then "in good faith confer[ ] or attempt[ ] to confer with [Defendants]...in an effort to obtain [the discovery sought] without court action." Fed. R. Civ. P. 37(a)(1). If the efforts to confer were unsuccessful in resolving the dispute, Plaintiff could then seek relief from the Court under Fed. R. Civ. P. 37(a) and LR Cv 37(a). If the parties had followed this procedure, Defendants' counsel may have earlier came to the conclusion he stated at the hearing that there was "some validity" to Plaintiff's request for discovery regarding the applicable policy and then communicated with Plaintiff's counsel to resolve or narrow the area(s) of dispute prior to the parties coming to the Court for relief.

A similar approach applies to Plaintiff's request for discovery as to the structural conflict issue. After the Supreme Court's 2008 decision in Glenn and the First Circuit's 2009 decision in Denmark II, discovery requests on this issue should not come as a surprise to Defendants. This is particularly so, in a case such as this, where it is undisputed that the administrative record does not contain any evidence with respect to CIGNA's conflict-ameliorating procedures. Thus, the issue is not whether structural conflict discovery is permissible but rather it is whether Plaintiff's written discovery requests are sufficiently targeted and narrowly tailored. See Denmark II, 566 F.3d at 10. Again, this is an issue better addressed in the context of the well-developed discovery process as

opposed to an "all or nothing" motion for protective order under Fed. R. Civ. P. 26 seeking to bar Plaintiff's written discovery.[3]  In engaging in such process, counsel can look for guidance to Magistrate Judge Martin's recent decision in Slusarski v. Life Ins. Co. of North Am., 2009 WL 1990178 at **6-7 (D.R.I. July 9, 2009), where he throughly laid out the applicable law, denied the insurer's[4] motion for a protective order to prevent any conflict discovery, and exercised his discretion to authorize "some discovery on this issue." See also Weed v. Prudential Ins. Co. of Am., No. 08-CV 10969-NG, 2009 WL 2835207 (D. Mass. Aug. 28, 2009) (addressing permissible scope of ERISA discovery after Glenn and Denmark II).

Defendants' position is further undercut by its reliance on the recent decision in Mattox v. Life Ins. Co. of North Am., No. 1:06-CV-2090-TCB (N.D.Ga. July 13, 2009).  They argue in their Reply Memorandum that the Court in Mattox "thoroughly outlined the steps taken by LINA to reduce potential bias, and concluded that there was no evidence that the presumed structural conflict of interest affected LINA's benefits decisions."  (Document No. 14 at p. 4).  However, before rendering its final decision, the Court in Mattox reopened discovery after the Supreme Court decided Glenn "so that the parties may collect any documents and other evidence that would help the Court determine the nature, extent, and effect on the decision-making process of LINA's conflict of interest." Mattox v. Life Ins. Co. of North Am., 625 F. Supp. 2d 1304, 1309-1310 (N.D. Ga. 2008).  Thus, Mattox supports Plaintiff's position that conflict discovery is permissible.

---

[3] Because of the nature of depositions, a motion for protective order may be a more appropriate vehicle to resolve disputes in those instances.  However, this case does not involve any noticed depositions.  In addition, it does not involve any claims of harassing, vexatious, or bad faith discovery behavior which are also be proper issues to address under Fed. R. Civ. P. 26(c).

[4] Coincidentally, the insurer and defense counsel in Slusarski are the same as in this case.

The bottom line is that Defendants have not met their burden under Fed. R. Civ. P. 26(c) of establishing good cause for their request for a protective order barring Plaintiff from pursuing the written discovery she served because they argue that "evidence outside the administrative record is not relevant to the case at hand." (Document No. 12 at pp. 1 and 7). While Defendants ultimately may have some legitimate objections to the scope of the written discovery sought by Plaintiff, they have not shown that Plaintiff should be barred from all written discovery as a matter of law. The issues as to scope of written discovery are better resolved through the normal discovery process which only ends up before the Court pursuant to a motion under Fed. R. Civ. P. 37 if the party serving interrogatories or document requests remains dissatisfied after conferring in good faith with the other side <u>and</u> ultimately chooses to invest the time and resources in seeking Court intervention to obtain the discovery sought.

Accordingly, for the reasons discussed herein, Defendants' Motion for Protective Order (Document No. 12) is DENIED.

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 15, 2009